Elizabeth D. Tate   AZ Bar No.  32659
2953 N. 48th Street
Phoenix, AZ 85018
Telephone (602) 670-4653
E-mail: attorneyelizabethtate@yahoo.com
Fax (602) 595-5959
Attorney for Plaintiff Adetoyese Oyedele

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Adetoyese Oyedele,** | **Case #** |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Jacobs Engineering Group, Inc.** | |
| Defendant. | |

Plaintiff Adetoyese Oyedele, by Elizabeth D. Tate, his undersigned attorney of record, submits this Complaint for relief and Demand for Jury Trial against Defendant Jacobs Engineering Group, Inc., pursuant to Federal Rules of Civil Procedure, Rules 7(a)(1), 8(a & d), 15(a), and 38(a & b):

## 1. Plaintiff's Two Claims

Count One: 42 U.S.C. 1981 – Wrongful termination in employment contract performance based upon national origin and race.

Count Two: 42 U.S.C. 2000e-2(a) – Wrongful termination in employment based on national origin and race.

## 2. The Parties, Jurisdiction and Venue

**1.** Plaintiff Adetoyese Oyedele ("Oyedele") is, and has always been material to this complaint:

(A) an adult male resident of Maricopa County, Arizona, and citizen of the United States of America; and

(B) employed by the Defendant, Jacobs Engineering Group, Inc. ("Jacobs"), at its place of business in Phoenix, Arizona; and

(C) an "employee" of Jacobs as that term is defined in 42 U.S.C. 2000e-f; and

(D) a person whose national origin is Nigerian, and race is African.

(E) a person who is qualified as a Bridge Design Technician and CAD Technician with a background in civil engineering and trained to complete all CAD and drafting projects in bridge design and all aspects of civil and structural engineering.

**2.** Defendant Jacobs Engineering Group ("Jacobs") is, and has always been material to this Complaint:

(A) a Delaware corporation; and

(B) a developer of innovative bridge solutions offering its clients a full spectrum of services from initial concepts of bridge design through development and regulatory approvals, construction and commissioning.

(C)  Providing engineering services at its offices located in Phoenix, Arizona; and

(D)  the "employer" of Oyedele as that term is defined in 42 U.S.C. 2000e-b; and

(E) the employer of more than 500 persons.

**3.**  All events alleged herein occurred within Maricopa County in the State of Arizona.

**4.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**5.** This Court has subject matter jurisdiction for all the claims herein, section 1 supra, because all arise from federal statutes, as provided by 28 U.S.C. 1331 and 28 U.S.C. 1343(a)(3,4).

**6.** This District Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b)(1,2) and 42 U.S.C. 2000e-5(f)(3).

### 3. General Fact Allegations

**7.** Plaintiff Oyedele has been employed by Defendant Jacobs since September 14, 2020, as a Bridge Design Technician. At the time of his hiring, Mr. Oyedele lived in Indianapolis.

**8.** John Rohnert, the individual who hired Oyedele rushed Oyedele to relocate to Phoenix to start the position informing Oyedele that the Company had a lot of work and needed him now. Oyedele compiled with Rohnert's request to begin work as soon as possible and relocated to Phoenix.

**9.** Mr. Oyedele worked from September to December 2020 without incident. Jacobs employed 3 engineers in Phoenix. Oyedele's responsibility was to support these three engineers. There was no other bridge design technicians supporting the three engineers, other than Oyedele.

**10.** Oyedele speaks fluent English but has a Nigerian accent. Soon after beginning the position, he noticed that the engineers were reluctant to work with him because of his accent. The engineers would repeatedly ask Oyedele to repeat himself. A woman engineer informed Oyedele that she had work for him to do but that she would do it herself. On November 27, 2020, Engineer Rodriguez told Oyedele to log off in the middle of a project. Rather than require the engineers to work with Mr. Oyedele, Jacobs falsely represented that there was no work for Mr. Oyedele.

**11.** On February 12, 2021, Jacobs laid Mr. Oyedele off for 90 days. The Company informed Oyedele that the lay-off was not due to Covid. The Company encouraged Mr. Oyedele to apply for unemployment but Mr. Oyedele did not want to do so. Oyedele believed the Company had work for him since the Company was hiring other individuals and had won contracts for many large projects. Jacobs indicated to Oyedele that his lay off status would be reviewed every ninety days.

**12.** While Oyedele was laid off, Jacobs continued to hire individuals and even hired an individual to do Oyedele's work. In March 2021, Jacobs hired Bob Latta, Caucasian to do the same work that Oyedele was qualified to do. When Oyedele would inquire whether there was work for him, the

Company informed Oyedele that there was not any work but Oyedele refused to quit.

**13.** When Oyedele did not quit, On August 27, 2021, Jacobs informed Oyedele that he was being laid off permanently.

**13.** As the result of Jacobs decisions to lay Oyedele off and hire a similarly situated Caucasian individual, paragraphs11 through 13 supra, Oyedele has a loss of self-esteem, depression, emotional distress, and frustration from Jacobs not requiring the engineers he worked for to work with him. Instead, Jacobs discriminated against Oyedele to inform him that there was no work and laid Oyedele off permanently when Jacob was hiring similarly situated non-Nigeran/African individuals.

**14.** Based upon the foregoing, Oyedele filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge # 540-2021-01916.

**15.** On February 14, 2022, the EEOC terminated its investigation into Oyedele's charge and issued its notice of right to sue and mailed the notice to Oyedele. A true copy of the notice is attached as Exhibit #1 infra and incorporated herein by reference pursuant to FRCP Rule 10(c).

**16.** Based upon the discriminatory conduct of Jacobs and the harm done to Oyedele alleged herein, the Court should grant, inter alia, injunctive relief to remedy the harm done and to enjoin Jacob from engaging in such unlawful discrimination in the future.

### 4. Demand for Jury Trial

Plaintiff Oyedele demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, FRCP Rule 38(a, b), and 42 U.S.C. 1981a(c).

## 5. Relief Requested

Based upon the foregoing, Plaintiff Oyedele requests judgment and orders granting him the following relief against Defendant Jacobs Engineering Group, Inc:

### Count One: 42 U.S.C. 1981 – Wrongful Discharge because of race and national origin

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Sanchez.

4. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b)(c), FRCP Rule 54(d)(2), and LRCiv Rule 54.2.

5. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)(1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

### Count Two:  42 U.S.C. 2000e-2(a) – Wrongful Discharge in Employment because of race and national orign

1. Compensatory damages

2. Punitive damages

3. Injunctive relief, including, inter alia, back pay and reinstatement

4. Reasonable attorney's fees and expert fees, pursuant to 42 U.S.C. 2000e-5(k), FRCP Rule 54(d)(2), and LRCiv 54.2

5. Taxable costs pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C 1920

Respectfully submitted this 15th   day of April, 2022.

s/Elizabeth D. Tate
Elizabeth D. Tate

## Attached Exhibits

**1.** Notice of right to sue for EEOC charge #540-2021-01916